UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO DE SOUZA,

Petitioner,

v. Case No.: 2:26-cv-02819-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court is Roberto de Souza's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and de Souza's reply (Doc. 8).

De Souza is a native and citizen of Venezuela who lawfully entered the United States on a B2 visa on July 6, 2021. He remained in the country after the admission period expired on January 5, 2022. On March 27, 2026, de Souza married a U.S. permanent resident and subsequently filed an application to register permanent residence or adjust status based on the marriage. De Souza completed the biometric requirements, and the petition remains pending before U.S. Citizenship and Immigration Services. He has no criminal history whatsoever. On August 18, 2026, Border Patrol agents arrested de

Souza because of his immigration status. Later that day, Border Patrol issued an I-200 warrant for alien arrest and a notice to appear (NTA).

In his habeas petition, de Souza argues his warrantless arrest and detention violated the Fourth and Fifth Amendments, the Immigration and Nationality Act, and implementing regulations. In response, the government certifies it is detaining de Souza under 8 U.S.C. § 1226(a) and argues he received due process in the form of a bond hearing. The result of that hearing was denial of release on bond with a two-word order: "Flight risk." (Doc. 6-1 at 11).

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed

freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford de Souza the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

There was no legal basis for the arrest because de Souza was not yet in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. In fact, it is undisputed that de Souza was living openly in the United States and engaged with immigration officials to obtain work authorization and permanent resident status. What is more, officials did not suspect de Souza of any criminal activity. The government provides no reason for urgency here.

The government violated de Souza's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Roberto de Souza's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release De Souza within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record